UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD KAMINSKI,

        Plaintiff,                          Case No. 2:25-cv-80

    v.                                      Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Kimberly A. Jolson

FREDERICK DEBT MANAGEMENT, LLC,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Richard Kaminski's Motion for Default Judgment. (ECF No. 8.) The Motion is supported by an Affidavit submitted by counsel for Plaintiff, Chad Eisenback. (ECF No. 9.) The time for filing a response to the Motion has passed, and Defendant Frederick Debt Management, LLC, has not responded. For the reasons below, Mr. Kaminski's Motion is **GRANTED in part and DENIED in part.**

## BACKGROUND

Prior to filing this action, Mr. Kaminski took out a personal loan from My Quick Wallet for approximately $2,000 ("subject debt"). (Compl., ECF No. 1, ¶ 7.) As a result of financial hardship, Mr. Kaminski failed to make timely payments on the loan and defaulted on the subject debt. (*Id.* ¶ 8.) After Mr. Kaminski's default, Defendant obtained the right to collect on the subject debt as a third-party debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in that it uses postal mail, an instrumentality of interstate commerce for its business, the principal purpose of which is the collection of debts, or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. (*Id.* ¶¶ 5, 9); 15 U.S.C. § 1692a(6).

1

On January 31, 2025, Mr. Kaminski filed a lawsuit against Defendant seeking redress for violations of the FDCPA. (Compl., ECF No. 1, ¶ 1.) Mr. Kaminski alleges that Defendant deceptively attempted to collect the subject debt around December 4, 2024, by disclosing private information over the phone about Mr. Kaminski's financial status to his employer and falsely communicating to Mr. Kaminski that if he did not make a payment, Defendant would garnish his wages. (*Id.* ¶¶ 10–12.)

Defendant was served with Mr. Kaminski's complaint on February 11, 2025. (ECF No. 5.) A responsive pleading was due on or before March 4, 2025. (*Id.*) After Defendant failed to answer or otherwise plead within the time allowed by law, Mr. Kaminski filed a Request for Entry of Clerk's Default. (ECF No. 6.) The Clerk entered default shortly thereafter. (ECF No. 7.)

Mr. Kaminski now requests an entry of judgment against Defendant. (Mot., ECF No. 8.) Mr. Kaminski seeks statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), to enjoin Defendant from further communications with Mr. Kaminski, reasonable costs and attorneys' fees under 15 U.S.C. § 1692k(a)(3), post-judgment interest, and such other relief that this Court deems just and proper. (Compl., ECF No. 1, ¶ 33; Mot., ECF No. 8.) In Mr. Kaminski's Motion for Default Judgment, Mr. Kaminski attached an itemized list for his attorneys' fees and court costs which amount to $2,920. (ECF No. 8-1, PageID 22–23.)

**STANDARD OF REVIEW**

Rule 55 of the Federal Rules of Civil Procedure governs default and default judgments. Fed. R. Civ. P. 55. The first step is to obtain an entry of default by the clerk, which is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise." Fed. R. Civ. P. 55(a).

2

Once default is entered, a party may move for default judgment from either the clerk or from the Court. Fed. R. Civ. P. 55(b); *see also, e.g.*, *Hoover v. 4 Seasons Motors Inc.*, No. 2:21-cv-4177, 2022 U.S. Dist. LEXIS 130140, at *4 (S.D. Ohio July 21, 2022) (describing the two-step process in obtaining a default judgment).

Upon the clerk's entry of default, the "complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Hoover*, 2022 U.S. Dist. LEXIS 130140, at *4 (quoting *United States v. Parker-Billingsly*, No. 3:14-cv-307, 2015 U.S. Dist. LEXIS 15877, at *3 (S.D. Ohio Feb. 10, 2015) (Newman, M.J.)). But allegations of damages may be "accepted as true, thereby bypassing the necessity of a hearing, where 'the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits.'" *Bds. of Trs. Of the Ohio Laborers Bens. v. Karnak Concrete LLC*, No. 2:20-cv-1210, 2024 U.S. Dist. LEXIS 120120, at *4 (S.D. Ohio July 9, 2024) (Marbley, C.J.) (quoting *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Tr. v. NCR Clark, LLC*, No. 3:14-CV-0070, 2014 U.S. Dist. LEXIS 119035, at *4 (S.D. Ohio Aug. 26, 2014) (Rose, J.)). Thus, the "Court may enter an award without a hearing when a plaintiff's claim is for sum certain or a sum that can be made certain by computation." *Bds. of Trs. of the Ohio Laborers Bens. v. Kyle J. Sherman Excavating*, LLC, No. 2:23-cv-2476, 2024 U.S. Dist. LEXIS 34246, at *3 (S.D. Ohio Feb. 28, 2024) (Graham, J.); *see* Fed. R. Civ. P. 55(b)(1).

## ANALYSIS

Even though the Court accepts the factual allegations of liability as true, the Court still must determine that the facts in the Complaint state a claim for relief against Defendant. *See*

3

*Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (Cole, J.). Thus, the Court must first address the issue of Defendant's liability.

**I. FDCPA Violations**

The FDCPA was enacted by Congress to eliminate "abusive, deceptive, and unfair debt collection practices" and protect consumers from the abusive debt collection practices engaged in by many debt collectors which contributed to "the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §§ 1692(a), (e). Mr. Kaminski pleaded that Defendant violated 15 U.S.C. §§ 1692b(2), b(3), c(b), e, e(4), e(5), and f through its unlawful debt collection practices. (Compl., ECF No. 1, ¶ 23.) The Court examines each subsection of the statute and corresponding allegations in turn.

**A. 15 U.S.C. § 1692b**

Mr. Kaminski alleges that Defendant violated §§ 1692b(2) and (3). Subsection b(2) states that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall— . . . not state that such consumer owes any debt." 15 U.S.C. § 1692b(2). Subsection b(3) states that in the same circumstances where a debt collector is communicating with a person, the debt collector shall not communicate with the person more than once unless requested by the person or the debt collector "reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." *Id.* § 1692b(3).

Mr. Kaminski alleges Defendant violated §§ 1692b(2) and b(3) when it called Mr. Kaminski's place of employment and disclosed to Mr. Kaminski's supervisor that Mr. Kaminski owed a debt. (Compl., ECF No. 1, ¶ 24.) The Complaint alleges that around December 4, 2024, Defendant contacted Mr. Kaminski's place of employment and disclosed Mr. Kaminski's

4

personal details about the subject debt to Mr. Kaminski's supervisor. (*Id.* ¶¶ 10–11.) So, while Mr. Kaminski does allege Defendant violated § 1692b(2) because it told Mr. Kaminski's employer about the subject debt, he does not allege a violation of § 1692b(3) because he does not allege Defendant contacted his employer on more than one occasion. (*See id. generally*.)

    B.   15 U.S.C. § 1692c(b)

Mr. Kaminski alleges that Defendant violated § 1692c(b) when it called Mr. Kaminski's place of employment, disclosed that it was attempting to reach Mr. Kaminski to collect on the subject debt, and divulged personal information. (Compl., ECF No. 1, ¶ 26.) Subsection c(b) states that:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). Because Mr. Kaminski's employer falls into none of these categories, Mr. Kaminski has put forth facts supporting a violation of § 1692c(b).

    C.   15 U.S.C. § 1692e

Mr. Kaminski also asserts violations of §§ 1692e(4) and e(5). (Compl. ¶¶ 28–31.) Subsection e states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> > (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the . . . garnishment . . . of any . . . wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

5

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. §§ 1692e(4), (5).

Mr. Kaminski alleges Defendant violated § 1692e by falsely communicating to Mr. Kaminski that if he did not make a payment then Defendant would garnish his wages. (Compl., ECF No. 1, ¶ 28.) Defendant allegedly violated § 1692e(4) when it misled Mr. Kaminski into believing that nonpayment of the subject debt would lead to garnishment of Mr. Kaminski's wages when it was not Defendant's intention to do so. (*Id.* ¶ 29.) Defendant violated § 1692e(5) when it threatened to garnish Mr. Kaminski's wages when it had no intentions to take such action and merely used threats to deceive and scare Mr. Kaminski into agreeing to make payments on the subject debt. (*Id.* ¶ 30.) Mr. Kaminski's alleges facts sufficient to support a violation or violations of § 1692e, specifically subsections (4) and (5).

### D. 15 U.S.C. § 1692f

Finally, Mr. Kaminski alleges a violation of § 1692f, which provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: [listing various actions]." 15 U.S.C. § 1692f.

Mr. Kaminski alleges that Defendant violated this subsection when it threatened to garnish his wages and disclosed private information regarding his debt to his supervisor. (Compl., ECF No. 1, ¶ 32.) But Mr. Kaminski fails to point to a subsection of § 1692f or caselaw in his Motion for Default Judgment explaining why these activities by Defendant violated § 1692f in addition to other subsections of the FDCPA. (*See generally* Compl., ECF No. 1; Mot., ECF No. 8.) The Court need not make this determination, though, having already determined that

6

Defendant's call on December 4, 2024, to Mr. Kaminski's employer violated several other provisions of the FDCPA.

Mr. Kaminski has successfully pleaded several violations of the FDCPA under 15 U.S.C. §§ 1692b(2), c(b), e(4), and e(5) committed by Defendant, and the Court takes the allegations as true. *See Hoover*, 2022 U.S. Dist. LEXIS 130140, at *4. Mr. Kaminski's factual allegations as pleaded satisfy the factors necessary to state a claim under the FDCPA. The Court thus finds that Mr. Kaminski is entitled to default judgment on his claim against Defendant.

## II. Actual and Statutory Damages

The FDCPA provides that a person may recover "any actual damage sustained by such person as a result of" an FDCPA violation and "such additional damages as the court may allow but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A); *see In re Mary Jane M. Elliott, P.C.*, No. 24-0103, 2025 U.S. App. LEXIS 7648, at *4 (6th Cir. Apr. 1, 2025). Although Mr. Kaminski's prayer for relief references actual damages (Compl., ECF No. 1, PageID 5), his Motion for Default Judgment only makes one reference to actual damages and does not elaborate or explain what he believes actual damages to be (Mot., ECF No. 8, PageID 20). Mr. Kaminski's request at the end of his Motion makes no mention of actual damages. (*Id.* PageID 21.) The Court assumes he is not seeking actual damages.

Mr. Kaminski does seek $1,000 in statutory damages. (*Id.*) Proof of actual damages is not a prerequisite to recover such statutory damages. *Thompson v. Renner*, No. 21-1366, 2022 U.S. App. LEXIS 11706, at *34 (6th Cir. Apr. 28, 2022); *McKeehan v. TForce Freight*, No. 1:22-cv-94, 2025 U.S. Dist. LEXIS 83081, at *4 (S.D. Ohio May 1, 2025) (citing *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-CV-308, 2013 U.S. Dist. LEXIS 26144, at *2 (S.D. Ohio Feb. 26, 2013)). Section 1692k(b) directs the Court to consider "the frequency and persistence of noncompliance

7

by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b).

The pleading indicates Defendant contacted Mr. Kaminski's employer once, so Defendant's noncompliance was not frequent or persistent. The nature of Defendant's violations was serious. The disclosures to Mr. Kaminski's employer caused him embarrassment because his coworkers learned of private information about his financial status. (*See* Compl., ECF No. 1, ¶ 27.) Defendant's action disrupted Mr. Kaminski's daily life and general well-being, and Mr. Kaminski suffered emotional distress and mental anguish because he was led to believe his wages would be garnished when Defendant made threats to coerce payment toward the subject debt. (*Id.* ¶¶ 13, 14.) Given the procedural posture of this case, the Court does not have evidence about whether Defendant's noncompliance was intentional.

The Court finds statutory damages of $1,000 are warranted given the serious nature of the violations and the disruption the violations caused to Mr. Kaminski's daily life.

### III. Injunction

Mr. Kaminski also seeks to enjoin Defendant from further communication with him. His Motion for Default Judgment includes only one mention of such requested relief, however, with no citations to any statute, case law, or other applicable authority. (Mot., ECF No. 8, PageID 21.) Absent from Mr. Kaminski's brief is analysis explaining why such "extraordinary" relief is warranted. *Barnhart v. Nationstar Mortg. LLC*, No. 16-1244, 2016 WL 11005038, at *2 (6th Cir. Oct. 28, 2016) (finding the district court had properly denied injunctive relief where the plaintiff had not demonstrated success on the merits or irreparable harm).

Moreover, the text of the FDCPA does not include injunctive relief as a remedy for a FDCPA violation. *See* 15 U.S.C. § 1692k(a)(1)–(a)(2)(A). The law in this Circuit is unclear

8

about whether the FDCPA authorizes injunctive relief. *See Hrivnak v. NCO Portfolio Mgmt.*, 719 F.3d 564, 570 (6th Cir. 2013); *Midland Funding LLC v. Brent*, 644 F.Supp.2d 961, 977 (N.D. Ohio 2009) ("The Sixth Circuit has yet to rule directly on the issue of whether injunctive relief and declaratory judgment are appropriate under the FDCPA.").

Because Mr. Kaminski provides no support for his injunctive relief request, Mr. Kaminski's request to enjoin Defendant is denied.

## IV.    Reasonable Costs and Attorneys' Fees

Mr. Kaminski also seeks reasonable costs and attorneys' fees. Mr. Kaminski is entitled to such an award under the FDCPA. *See* 15 U.S.C. § 1692k(a)(3). Mr. Kaminski attaches an itemized description of the attorneys' fees and costs he has accumulated throughout this suit to his Motion. (ECF No. 8-1.) Mr. Kaminski seeks attorneys' fees and costs in the total amount of $2,920. (*Id.*)

The Court finds the fees charged by Mr. Kaminski's attorney are reasonable. Mr. Kaminski attorneys' fees total $2,390. (*Id.*) The chart submitted by Mr. Kaminski shows that there was one attorney working on the case with an hourly rate of $425 and one paralegal or clerk working on the case at an hourly rate of $125. (*Id.*) Together, they spent 6.4 hours on this litigation. (*Id.*) The rates and amount of timed billed is reasonable considering other FDCPA case in this Court. *See e.g., Fordyce*, 2014 U.S. Dist. LEXIS 65397, at *3 (approving a $7,453 attorneys' fees award in an FDCPA case and finding the time and fees are reasonable). Mr. Kaminski requests $530 in costs, which includes the $405 filing fee and $125 in service costs. (ECF No. 8-1.) These costs are also reasonable.

V.  **Post-Judgment Interest**

In addition to reasonable costs and attorneys' fees, Mr. Kaminski seeks post-judgment interest to be added. 28 U.S.C. § 1961 states "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Courts cannot deny post-judgment interest because it is mandatory. *Cabatech, LLC v. Nextlight, LLC*, No. 1:22-cv-59, 2024 U.S. Dist. LEXIS 141124, at *12 (S.D. Ohio Aug. 8, 2024) (citing *Caffey v. UNUM Life Ins.*, 302 F.3d 576, 586 (6th Cir. 2002)). Such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The purpose of post-judgment interest is to "compensate the prevailing plaintiff for the time-value of money lost between the occurrence of damages and the defendant's payment at a later date." *CAPSA Sols., LLC v. Concord Healthcare Grp., LLC,* No. 2:18-cv-594, 2019 U.S. Dist. LEXIS 172714, at *7 (S.D. Ohio Oct. 4, 2019) (Vascura, M.J.) (awarding post-judgment interest on default judgment).

Defendant is therefore ordered to pay post-judgment interest at the applicable statutory rate from the date of this Opinion and Order until the judgment is satisfied.

## CONCLUSION

Mr. Kaminski's Motion for Default Judgment is **GRANTED in part and DENIED in part**. (ECF No. 8.) The Motion is granted as to Mr. Kaminski's request to enter a default judgment against Defendant Frederick Debt Management, LLC and in his favor. The Motion is denied in its request to enjoin Defendant from further communication with Plaintiff.

The Clerk is **DIRECTED** to enter judgment for Mr. Kaminski and against Frederick Debt Management, LLC on Mr. Kaminski's claim for violations of the FDCPA. Mr. Kaminski is

**AWARDED** $3,920 total, which includes $1,000 in statutory damages, $2,390.00 in attorneys' fees, and $530 in costs. Defendant must also pay Mr. Kaminski post-judgment interest at the applicable statutory rate from the date of this Opinion and Order until the judgment is satisfied. The Clerk is **DIRECTED** to **CLOSE** this case.

    IT IS SO ORDERED.

**7/18/2025**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                      **EDMUND A. SARGUS, JR.**
                                                            **UNITED STATES DISTRICT JUDGE**